IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30816
Conference Calendar

_____


RAYMOND ROCHON,

                                        Plaintiff-Appellant,

versus

STATE OF LOUISIANA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-565
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Raymond Rochon, Louisiana prisoner # 93625, filed an in forma pauperis (IFP) civil complaint alleging that the Louisiana rape statute under which he was convicted is unconstitutional. Because Rochon did not seek his release from incarceration, the district court construed this pleading as a civil rights complaint under 42 U.S.C. § 1983.

     The district court concluded that Rochon's civil rights complaint was barred by Heck v. Humphrey, 512 U.S. 477, 489 (1994), and dismissed the complaint as frivolous under 28 U.S.C.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B)(i).  This was not an abuse of the district court's discretion.  <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998).

Rochon's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5th Cir. R. 42.2.  Rochon's motion for appointment of counsel is DENIED.

Rochon has at least two verified strikes against him. <u>Rochon v. Cain</u>, No. 96-31241 (5th Cir. Dec. 10, 1997) (unpublished).  Rochon has acquired another two strikes as a result of this frivolous complaint and frivolous appeal.  Rochon may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.